UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SURENDRA K. SHRIVASTAVA, | Case No.: 11-CV-01833-LHK |
| Plaintiff, | ORDER REMANDING CASE FOR LACK OF FEDERAL JURISDICTION |
| v. | |
| FRY'S ELECTRONICS, INC., | (re: dkt. #11) |
| Defendant. | |

Presently before the Court is a motion to remand. *See* Dkt. #11. The Court deems this motion appropriate for resolution without oral argument, and vacates the September 1, 2011 motion hearing and case management conference. *See* Civ. L.R. 7-1(b). For the reasons explained below, the Court GRANTS the motion to remand. This action is remanded to the Santa Clara County Superior Court.

**I.   BACKGROUND**

This is an action arising from the alleged failure of Defendant Fry's Electronics, Inc. ("Defendant") to pay all earned and unused vacation at employment termination to Plaintiff Surendra K. Shrivastava ("Plaintiff"). On January 19, 2011, Plaintiff, on behalf of himself and all persons similarly situated, filed a class action complaint in Santa Clara County Superior Court alleging two state law causes of action: (1) Unfair Competition in violation of California Business & Professions Code § 17200 *et seq.*; and (2) Failure to Pay Accrued Vacation Compensation in

1

1    violation of California Labor Code §§ 201, 203, 216, 218.5, and 227.3.  Specifically, Plaintiff

2    alleges that he was a "non-exempt, hourly employee" of Defendant, and that he was not paid for

3    forfeited vacation and holiday time because of Defendant's "use it or lose it" vacation and holiday

4    pay policy.  *See* Compl. ¶¶ 1-4.  In addition, Plaintiff alleges that Defendant had a "Voluntary

5    Employees' Beneficiaries Association Trust ("VEBA") Plan" to provide vacation benefits.

6    However, according to Plaintiff's allegations, Defendant did not pay vacation benefits with funds

7    from the VEBA Plan, but instead paid benefits from its general assets.  *Id.* at ¶ 2.

8        Defendant removed this action on April 15, 2011.  Defendant argues that removal is proper

9    based on federal question jurisdiction.  According to Defendant, Plaintiff's state law claims are

10   completely preempted by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29

11   U.S.C. § 1001 *et seq*.  *See* Notice of Removal ¶ 3.[1]

12       Upon removal, Plaintiff filed a timely motion to remand.  Defendant has filed an

13   opposition, and Plaintiff has filed a reply.  The motion is now ripe for the Court's decision.

## II. ANALYSIS

15   "The burden of establishing federal subject matter jurisdiction falls on the party invoking

16   removal."  *See Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir.

17   2009).  The Court strictly construes the removal statute against removal jurisdiction, and there is a

18   "strong presumption" against removal.  *See Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir.

19   2006).  In general, courts look to the "well-pleaded complaint rule" to determine whether an action

20   falls within the bounds of federal question jurisdiction.  *See Marin General*, 581 F.3d at 944.  Thus,

21   if a complaint contains only state law causes of action, there is generally no federal question

22   jurisdiction even if there is a federal defense to the state law cause of action.  *See Aetna Health Inc.*

23   *v. Davila*, 542 U.S. 200, 207 (2004).  However, there is an exception to the well-pleaded complaint

24   rule for state law causes of action that are "completely preempted" by ERISA.  *See id.* at 208; *see*

25   *also Marin General*, 581 F.3d at 944.

26       Here, Defendant alleges that Plaintiff's two state law causes of action are completely

27   preempted by ERISA, and are thus removable on the ground of federal question jurisdiction.

28

---

[1] Defendant does not allege diversity as a basis of subject matter jurisdiction.

2

Case No.: 11-CV-01833-LHK
ORDER REMANDING CASE

Defendant contends that its VEBA Plan is an ERISA "employee welfare benefit plan" within the meaning and governance of ERISA, 29 U.S.C. § 1002(1), which includes any plan maintained for the purpose of providing "vacation benefits" for its participants. If Defendant is correct, ERISA would preempt any state law relating to Defendant's VEBA Plan, 29 U.S.C. § 1144(a), and Plaintiff's action would be removable on the basis of federal question jurisdiction.

The Court finds, however, that Defendant has failed to meet its burden of establishing removal jurisdiction. "In order to determine whether an asserted state-law cause of action comes within the scope of § 502(a)(1)(B), the [Supreme] Court formulated a two-prong test. Under *Davila*, a state-law cause of action is completely preempted if (1) 'an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'" *See Marin General*, 581 F.3d at 946.

On the record before this Court, which contains only Plaintiff's uncontested allegations that Defendant paid vacation and holiday benefits out of its general assets and not out of the VEBA Plan, Plaintiff could not bring a claim under ERISA. The U.S. Supreme Court's decision in *Massachusetts v. Morash*, 490 U.S. 107 (1989), is directly on point. In *Morash*, the Supreme Court stated, "In enacting ERISA, Congress' primary concern was with the mismanagement of funds accumulated to finance employee benefits and the failure to pay employees benefits from accumulated funds." *Id*. at 109. *Morash* held that a company's policy to pay employees for unused vacation time did not constitute an "employee welfare benefit plan" where those benefits were paid from the company's general assets and not from the company's employee trust fund. *Id*. Other courts in this District and this Circuit have relied on *Morash*'s reasoning in holding that VEBA trusts similar to the one at issue here are not covered by ERISA. *See Czechowski v. Tandy Corp.*, 731 F. Supp. 406, 408 (N.D. Cal. 1990) (where company paid vacation benefits out of general assets instead of VEBA trust, holding that the VEBA trust was not a plan covered by ERISA); *see also Lombardo v. Broadway, Inc.*, 1996 U.S. Dist. LEXIS 22369, *6-9 (C.D. Cal. May 28, 1996) (rejecting argument that VEBA Plan was an ERISA "employee welfare benefits

plan" where the employer disbursed payments of benefits directly to the employees from its general fund).

As to the second prong of the *Davila* test, the California Labor Code provisions cited by Plaintiff, namely Sections 201, 203, 216, 218.5, and 227.3, provide an "independent legal duty" from ERISA. *See Lopez v. G.A.T. Airline Ground Support, Inc.*, 2010 U.S. Dist. LEXIS 73029, *8-17 (S.D. Cal. July 19, 2010) (analyzing employer's duties with respect to vacation and holiday pay, including "use it or lose it" policy, under California Labor Code). With such independent legal duties on Defendant created by California state law, Plaintiff's state law claims are not completely preempted by ERISA. *See Marin General*, 581 F.3d at 950 (rejecting argument for complete preemption "[s]ince the state-law claims asserted in this case are in no way based on an obligation under an ERISA plan, and since they would exist whether or not an ERISA plan existed, they are based on 'other independent legal dut[ies]' within the meaning of *Davila*."). Defendant, of course, may assert any defenses, including a defense of conflict preemption, in state court. *See id*. at 949 ("Defendants are free to assert in state court a defense of conflict preemption under § 514(a), but they cannot rely on that defense to establish federal question jurisdiction.").

In sum, Defendant has not satisfied its burden of establishing complete preemption, and has thus not established any basis for this Court's jurisdiction over Plaintiff's state law claims. Accordingly, the Court must grant Plaintiff's motion to remand.[2]

### III. CONCLUSION

As explained above, this Court lacks jurisdiction over Plaintiff's state law claims. Accordingly, this action is REMANDED to Santa Clara County Superior Court. The September 1,

---

[2] The Court notes that Defendant also moved to compel arbitration, and requested that the Court consider its arbitration motion *prior* to ruling on Plaintiff's motion to remand. *See* Dkt. #23. The Court, however, is without authority to consider Plaintiff's motion to compel arbitration without an independent basis of subject matter jurisdiction. *See Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) ("a federal court has jurisdiction over a petition to compel arbitration if the federal court would have jurisdiction over the underlying substantive dispute"). Here, that independent jurisdictional basis is lacking. This Order is without prejudice to a motion to compel arbitration in state court.

4

Case No.: 11-CV-01833-LHK
ORDER REMANDING CASE

 2011 motion hearing and case management conference are vacated.  The Clerk shall close the file and terminate any pending motions.

**IT IS SO ORDERED.**

Dated: August 29, 2011                            _____
                                                  LUCY H. KOH
                                                  United States District Judge

Case No.: 11-CV-01833-LHK
ORDER REMANDING CASE