UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| SURENDRA K. SHRIVASTAVA, | ) | Case No.: 11-CV-01833-LHK |
| Plaintiff, | ) ) | ORDER DENYING MOTION FOR |
| v. | ) ) | LEAVE TO FILE MOTION FOR RECONSIDERATION OF REMAND |
| FRY'S ELECTRONICS, INC., | ) ) | ORDER |
| Defendant. | ) ) ) | (re: dkt. #34) |

This is an action arising from the alleged failure of Defendant Fry's Electronics, Inc. ("Defendant") to pay all earned and unused vacation at employment termination to Plaintiff Surendra K. Shrivastava ("Plaintiff"). On January 19, 2011, Plaintiff filed a class action complaint in Santa Clara County Superior Court alleging two state law causes of action. Defendant removed this action on April 15, 2011, arguing that this Court has federal jurisdiction because Plaintiff's state law claims are completely preempted by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. *See* ECF No. 1 ¶ 3. On August 29, 2011, the Court issued an Order Remanding Case for Lack of Federal Jurisdiction (the "Order"). ECF No. 33. Before the Court is Defendant's motion for leave to file a motion for reconsideration of the Order, which Defendant brings on the ground that the Court failed to consider a material fact in

1

Defendant's Notice of Removal of Action. *See* ECF No. 34. For the following reasons, the Court DENIES the motion.

The Court is without jurisdiction to review its own order remanding a removed case to state court for lack of federal subject matter jurisdiction. *See* 28 U.S.C. § 1447(d); *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 642 (2006) ("[R]eview [of an order remanding for lack of jurisdiction] is unavailable no matter how plain the legal error in ordering the remand."); *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1387 (9th Cir. 1989) ("Section 1447(d) precludes review of a district court's jurisdictional decision even if it was clearly wrong."). Section 1447(d) states, in relevant part, that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."[1] "This language has been universally construed to preclude not only appellate review but also reconsideration by the district court." *Seedman v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988) (per curiam); *see also First Union Nat'l Bank of Fla. v. Hall*, 123 F.3d 1374, 1377 (11th Cir. 1997) ("[N]onreviewability [under § 1447(d)] extends to the power of a district court to reconsider its own remand order." (citation omitted)); *In re Lowe*, 102 F.3d 731, 734 (4th Cir. 1996) ("Indisputably, 'otherwise' in § 1447(d) includes reconsideration by the district court." (citation omitted)); *In re La Providencia Dev. Corp.*, 406 F.2d 251, 252-53 (1st Cir. 1969) ("[N]othing could be more inclusive than the phrase 'on appeal or otherwise.' The district court has one shot, right or wrong." (footnote omitted)); *Stark-Romero v. Nat'l R.R. Passenger Co.*, 763 F. Supp. 2d 1231, 1252-53 (D. N.M. 2011) (collecting cases); *Maggio Enters. v. Hartford Cas. Ins. Co.*, 132 F. Supp. 2d 930, 931 (D. Colo. 2001) (explaining that "[b]ecause a remand order deprives the district court of jurisdiction, the district court may not vacate or reconsider its order of remand" (citations omitted)).

Here, the Court's remand order was solely on jurisdictional grounds. *Cf. Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 349-52 (1976) (holding that the nonreviewability rule of § 1447(d) applies only to remands based on a defect in removal procedure or lack of subject matter

---

[1] Section 1447(d) provides two exceptions to this rule not applicable here. The first exception is for actions brought against federal officers or agencies removed pursuant to 28 U.S.C. § 1442, and the second exception is for civil rights cases removed pursuant to 28 U.S.C. § 1443. *See* 28 U.S.C. § 1447(d).

jurisdiction); *Hansen*, 891 F.2d at 1387 (explaining that § 1447(d) does not bar review of remand orders based on non-jurisdictional grounds). The Ninth Circuit has squarely held that § 1447(d) precludes review of a district court's remand based on a finding that ERISA does not completely preempt a plaintiff's state law claims. *Lyons v. Alaska Teamsters Employer Serv. Corp.*, 188 F.3d 1170, 1171 (9th Cir. 1999). Such was the basis of the Court's remand order at issue here. *See* Order at 4. Although the Court's jurisdictional determination was premised, in part, on the allegations in Plaintiff's complaint that Defendant paid vacation and holiday benefits out of its general assets and not out of the Voluntary Employees' Beneficiaries Association Trust ("VEBA") Plan at issue, the Court did not actually make a substantive finding of fact on the merits of this issue. Moreover, the Court's legal conclusion "was not apart from the question of subject matter jurisdiction, but rather was related to it." *Hansen*, 891 F.2d at 1388 (citing *Glasser v. Amalgamated Workers Union Local 88*, 806 F.2d 1539 (11th Cir. 1986) (per curiam)); *see Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 276 (9th Cir. 1984) (holding that the remand order was reviewable because the district court "reached a substantive decision on the merits apart from any jurisdictional decision"). "In an ERISA case, in which the ground for removal is complete preemption, determining jurisdiction will necessarily involve analyzing whether there is preemption of the plaintiff's claims." *Lyons*, 188 F.3d at 1172; *see Hansen*, 891 F.2d at 1388. To the extent the Court's remand order assessed whether Plaintiff's state law claims are completely preempted by ERISA, such analysis was undertaken solely to determine whether jurisdiction could be established. Section 1447(d) therefore precludes reconsideration of the Order. Accordingly, Defendant's motion for leave to file a motion for reconsideration is DENIED.

The Court observes, finally, that "state courts have concurrent jurisdiction over suits to enforce benefit rights or to recover benefits," *Hansen*, 891 F.2d at 1387 n.2, and therefore the Court's jurisdictional determination does not deprive the parties of an opportunity to litigate this case. Furthermore, as noted in the remand order, Defendant remains free to assert a defense of conflict preemption in state court. *See Lyons*, 188 F.3d at 1172 & n.1 (explaining that "the preemption determination made for purposes of determining jurisdiction" is separate and distinct

1  from the question of "whether the defendant can actually establish a substantive preemption
2  defense" on the merits).
3  **IT IS SO ORDERED.**

5  Dated: March 7, 2012

_____
LUCY H. KOH
United States District Judge